UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

PRINCESS J.,

    **Plaintiff,**

v.

NANCY A. BERRYHILL,
**Deputy Commissioner for Operations performing the duties and functions not reserved to the Commissioner of Social Security,**

    **Defendant.**

Case No. 18-2025

REPORT AND RECOMMENDATION

Plaintiff Princess J., proceeding *pro se*, seeks review under 42 U.S.C. §405(g) of the Social Security Administration's denial of her application for children's supplemental security income on behalf of her son, ZJB. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and the decision to deny benefits be affirmed.

I.    **Background**

On May 12, 2014, Plaintiff filed an application for children's supplemental security income, on behalf of her son, alleging disability as of July 1, 2009. The Social Security Administration denied Plaintiff's claims initially and on reconsideration. Plaintiff, her mother, and ZJB appeared and testified at a video hearing before an Administrative Law Judge (ALJ). The ALJ informed Plaintiff of the benefits of obtaining a lawyer, but Plaintiff waived her right to be represented by an attorney. (R. 87-88.)

On February 1, 2017, the ALJ issued an unfavorable decision. (R. 61-77.) The ALJ found that ZJB has the severe impairment of asthma. (R. 64.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, or that functionally equals

the severity of the listings and was not disabled. (R. 64.) The Appeals Council denied Plaintiff's request for review, making the ALJ's ruling the Commissioner's final decision.

## II.   Standard of Review

The court reviews a decision denying benefits to determine only whether the ALJ applied the correct legal standards and whether substantial evidence supports the ALJ's decision. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walker v. Berryhill*, 900 F.3d 479, 482 (7th Cir. 2018) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When reviewing the administrative record, the Court does not "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Chavez v. Berryhill*, 895 F.3d 962, 968 (7th Cir. 2018).

Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). Importantly, "the ALJ must 'build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence.'" *Id.* (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

## III.   Analysis

Plaintiff's Motion, in its entirety, reads:

> I the plaintiff, Princess Jenkins am asking for a rehearing or a final decision and I'm asking that you reconsider the decision of the Commissioner of the Social Security Administration denying my child of disability benefits.
>
> In conclusion, I'm asking the court to enter judgment in my favor.

Plaintiff's Motion for Summary Judgment (#15).

The Court grants *pro se* plaintiffs wide latitude in presenting their cases. *Moore v. Godinez*, 2010 WL 3718599 (N.D. Ill. Sept 10, 2010). But, the Court does not create arguments for them:

> Local Rule 8.1(D) requires Plaintiff's Motion for Summary Judgment to "state with particularity which findings of the Commissioner are contrary to law." Further, the Plaintiff is to "identify the statute, regulation or case law under which the Commissioner allegedly erred" and "cite to the record

by page number the factual evidence which supports plaintiff's position." While pro se plaintiffs are entitled to more lenient standards and the liberal construction of their pleadings, they must still comply with procedural rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). When a pro se litigant fails to comply, the Court "cannot fill the void by crafting arguments and performing the necessary legal research" as this would not promote the Court's interest in the uniform administration of justice. *Id*. Thus, this Court will not create arguments for Plaintiff, but will do its best to construe the arguments that Plaintiff appears to have made.

*Whitlock v. Commissioner of Social Security*, 2011 WL 3584799, at * 1, n.2 (C.D. Ill. Aug. 16, 2011).

Here, Plaintiff did not make any arguments. Plaintiff does not point to any specific facts that were not brought out during the hearing, nor does she provide any new evidence. *See Binion*, 13 F.3d 243, 246 (7th Cir. 1994). Instead, Plaintiff simply asks for a judgment in her favor. The Court will not "fill the void by crafting arguments and performing the necessary legal research." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). For this reason, the Court recommends that Plaintiff's Motion for Summary Judgment be denied.

## IV. Conclusion

The Court recommends that Plaintiff's Motion for Summary Judgment (**#15**) be **DENIED**, Defendant's Motion for Summary Judgment (**#17**) be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 20th day of May, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE